Leave to file GRANTED.
Signed,
September 19, 2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YUKOS CAPITAL LTD., )<br>)<br>*Petitioner* )<br>)<br>v. )<br>)<br>THE RUSSIAN FEDERATION )<br>)<br>*Respondent.* ) | Case No. 1:22-cv-00798-CJN |

**RESPONDENT'S MOTION TO DISMISS
PETITION TO ENFORCE ARBITRAL AWARD**

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (5), the Russian Federation makes this limited appearance[1] to respectfully move to dismiss Petitioner Yukos Capital Limited's ("Petitioner") Petition to Enforce Arbitral Award (ECF 1), in its entirety. Petitioner has not effected service on the Russian Federation in compliance with 28 U.S.C. § 1608(a) of the Foreign Sovereign Immunities Act ("FSIA"). Specifically, Petitioner has not served (or even attempted to serve) the Russian Federation through diplomatic channels pursuant to § 1608(a)(4)—the only available method under the FSIA for serving the Russian Federation. Accordingly, because Petitioner has failed to effect proper service, this Court lacks personal jurisdiction as to the Russian Federation. 28 U.S.C. §§ 1330(a)-(b); 28 U.S.C. §§ 1602 *et seq.*; *see also TMR Energy Ltd. v. State Prop. Fund of Ukraine*, 411 F.3d 296, 299 (D.C. Cir. 2005) (noting that "'under the FSIA,

---

[1] For the avoidance of doubt, the Russian Federation does not waive and expressly reserves all rights and defenses, including as to jurisdictional arguments under the FSIA. The Russian Federation intends to vigorously defend against this action if and when Petitioner effects proper service.



**RECEIVED**
9/9/2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

with the [FSIA].'" *Von Pezold v. Republic of Zimbabwe*, No. 21-cv-02004-APM & No. 21-cv-02428-APM, 2022 U.S. Dist. LEXIS 159797, at *3 (D.D.C. Sept. 6, 2022) (quoting *Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015)); *see also* 28 U.S.C. § 1330(b) (providing for personal jurisdiction "where service has been made under section 1608"); Fed. R. Civ. P. 4(j) ("A foreign state . . . must be served in accordance with 28 U.S.C. § 1608."). The four methods of serving a "foreign state" within the meaning of the FSIA are found at §§ 1608(a)(1)-(4), listed in hierarchical order. Petitioner bears the burden to demonstrate that it has effected service properly. *See Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (collecting cases).

Here, there is no dispute that the methods under § 1608(a)(1) (service by special arrangement between the parties) and § 1608(a)(2) (service in accordance with an applicable international convention) do not apply as to the Russian Federation. *See* Pet'r's Return of Serv., July 21, 2022 (explaining that Petitioner pursued service under § 1608(a)(3) after determining that service was not available under §§ 1608(a)(1)-(2)); *see also id.* ("'[N]o method'" for service on the Russian Federation 'in accordance with an applicable international convention on service of judicial documents exists.'" (quoting *Agudas Chasidei Chabad v. Russian Federation*, 708 F. Supp. 2d 260, 268 (D.D.C. 2011))). Petitioner thus attempted service under § 1608(a)(3), which provides for service "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." Section 1608(a)(3), however, is not a proper method for serving the Russian Federation because the Russian Federation has objected to service via postal channels under Article 10 of the Hague Service Convention. *See* Hague Conference on Private Int'l Law, Russian Federation – Central Authority and Practical Information *available at*

\* \* \*

For the foregoing reasons, the Russian Federation respectfully requests that this Court grant its motion to dismiss Petitioner's Petition to Enforce Arbitration Award in its entirety. A proposed order accompanies this motion.

Date: September 9, 2022

Respectfully submitted,

Mikhail Vinogradov

Director General,
General Directorate
for International Legal Cooperation
Prosecutor General's Office
of the Russian Federation
Bolshaya Dmitrovka, 15a GSP-3,
Moscow 125993 Russia
+7 495 987 56 56
legalprotection@genproc.gov.ru