**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Yukos Capital Limited<br>(f/k/a Yukos Capital S.à.r.l.),<br><br>                 Petitioner,<br><br>     v.<br><br>The Russian Federation,<br><br>                 Respondent. | CIVIL ACTION<br><br>NO. 1:22-cv-00798 (CJN) |

**THE RUSSIAN FEDERATION'S NOTICE OF SUPPLEMENTAL AUTHORITY IN**
**SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL**
**JURISDICTION AND INSUFFICIENT SERVICE**

The Russian Federation ("RF") submits Judge Lamberth's decision in *Agudas Chasidei Chabad of United States v. Russian Fed'n,* 2023 U.S. Dist. LEXIS 32560 (D.D.C. Feb. 27, 2023) ("*Chabad*"), Exh. A,[1] as supplemental authority in support of its Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service the Petition of Yukos Capital ("YC") to Enforce Arbitration Award (ECF 18, 27) ("MTD").  As relevant here, *Chabad* rejected the argument that service on the RF could be effected by mail under the Foreign Sovereign Immunity Act ("FSIA"), 28 U.S.C. §1608(a)(3), instead of through diplomatic channels pursuant to FSIA §1608(a)(4).  This is one of the dispositive arguments made by the RF in asserting mail service by YC was insufficient.

In *Chabad*, the Court entered default interim sanctions judgments against the RF, totaling approximately $178 million ("Default Judgments").  The Court denied without prejudice Chabad's

---

[1] The citation to *Chabad* is without prejudice to the RF's position that the court lacked subject matter and personal jurisdiction over the RF under the FSIA expropriation exception, §1605(a)(3), based on four D.C. Circuit opinions beginning with *Simon v. Republic of Hungary*, 812 F.3d 127, 146 (D.C. Cir. 2016) (no jurisdiction over foreign sovereign under expropriation exception unless allegedly expropriated property is in the U.S.), abrogated on other grounds by *Fed. Republic of Germany v. Philipp*, 141 S. Ct. 703 (2021), and *De Csepel v. Republic of Hungary*, 859 F.3d 1094 (D.C. Cir. 2017) (same).  Indeed, in 2020 and 2023, the *Chabad* court itself recognized that its 2008 finding of jurisdiction over the RF was "irreconcilable" with the subsequent D.C. Circuit decisions.  *See Chabad*, at *16 (quoting 2020 opinion).

motion to enforce the Default Judgments for failure to properly serve them under FSIA, 28 U.S.C.

§1610(c), which provides:

> No attachment or execution . . . shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e).

*Chabad*, at *22-23, *32-33.

> In turn, §1608(e) provides:
> No **judgment by default** shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. **A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.**

*Chabad*, at *23 (emphases in original).

"The manner prescribed for service is detailed in Section 1608(a) for foreign states…" *Id.* at *23-24 (quotations omitted). "This notice requirement is no mere technicality.  Rather, it is an 'important procedural protection[] for foreign states and their instrumentalities built into the FSIA.'" *Id.* at *24 (quoting *Haim v. Islamic Republic of Iran*, 902 F. Supp. 2d 71, 74 (D.D.C. 2012)). "For service on foreign states or political subdivisions, a plaintiff must strictly comply with the four methods of service listed in Section 1608(a) … Indeed, even 'actual notice' is insufficient to bypass the requirement." *Id.* (citing *Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015)).

Concluding service under §1608(a) was required, *Chabad* held service by mail against the RF was ineffective:

> **Chabad's alternative contention that, even if notice is required, it was satisfied through regular mailing, is baseless. …Chabad must strictly follow the requirements of Section 1608(a) for notice on a foreign state…  Therefore, mailings sent by Chabad itself, as well as … use of commercial mail service to send documents to Russia … were definitionally not in compliance with Section 1608(a).**

> The Court will therefore direct Chabad to serve each defendant in compliance with the manner prescribed for service in Section 1608.

*Id*. at *30-31, *32 (emphasis added).

In support of its holding that service by mail on the RF was unavailable under §1608(a), *Chabad* cited its prior opinion, *Agudas Chasidei Chabad of U.S. v. Russian Fed'n ("Chabad IV")*, 798 F. Supp. 2d 260, 267-69 (D.D.C. 2011), which held the same and, instead, allowed service through diplomatic channels pursuant to §1608(a)(4).[2]  In response to *Chabad*, Chabad requested, and the Clerk transmitted, service documents to the U.S. Department of State for service through diplomatic channels, as  provided by §1608(a)(4).  *See* Clerk Service Notice, Exh. B.

*Chabad* provides supplemental authority that service by mail could not be effected on the RF under §1608(a)(3), establishing that the RF's MTD should be granted because this is how YC purported to serve the RF, rather than through diplomatic channels under §1608(a)(4).

Dated: May 30, 2023

                                    Marks & Sokolov, LLC

                          By:       */s/ Bruce S. Marks*
                                    Bruce S. Marks
                                    Thomas C. Sullivan
                                    Maria Grechishkina
                                    1835 Market Street
                                    Philadelphia, PA 19103
                                    Counsel for Russian Federation
                                    215-569-8901

---

[2] Service through diplomatic channels under §1608(a)(4) is only permitted if service under §1608(a)(1), (2), and (3) is unavailable because methods of service under this section must be attempted sequentially.  A "plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." *ConocoPhillips Petrozuata B.V. v. Bolivarian Republic of Venez.*, 2022 U.S. Dist. LEXIS 149512, at *12 (D.D.C. Aug. 19, 2022  (Nichols, J.)) (quoting *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 773, 402 U.S. App. D.C. 136 (D.C. Cir. 2012) (internal quotation marks omitted)).  *See also Chabad IV*, at 267 (same) (quoting *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 52 (D.D.C. 2008)).  *Conoco* and *Chabad IV* only approved service through diplomatic channels after determining that the three lower ranked methods were unavailable.

## **CERTIFICATE OF SERVICE**

I certify that on May 30, 2023, the foregoing document was filed electronically and served upon all counsel of record via the Court's CM/ECF filing system in accordance with the Federal Rules of Civil Procedure.

*/s/ Bruce S. Marks*